UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:03-CR-154 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. No. 103 ] |
| WILLIAM SANDERS, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant William Sanders' motion for appointment of counsel. [Doc. No. 103.] For the reasons stated below, the Court **DENIES** Defendant's motion.

I. Background

On November 25, 2003, a federal jury found Defendant Sanders guilty of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). [Doc. 51.] Defendant was sentenced to 188 months in prison followed by 3 years of supervised release. [Doc. 60.] Defendant Sanders appealed his case to the Sixth Circuit, which affirmed his conviction and remanded the case for re-sentencing in light of *United States v. Booker,* 543 U.S. 220 (2005). [Doc. 70.] On September 22, 2005, this Court re-sentenced Defendant to 180 months in prison followed by 3 years of supervised release with credit for time already served. [Doc. 90.] One week later, Defendant Sanders appealed the re-sentencing decision to the Sixth Circuit. [Doc. 91.] In his appeal, the

Case No. 4:03-cr-154
Gwin, J.

Defendant challenged two of the prior violent felonies that this Court considered in its re-sentencing decision, arguing that Ohio's aggravated robbery offense is not a violent felony under the Armed Career Criminal Act (ACCA) and that the district court used unreliable information to conclude that Defendant had been convicted of a prior burglary in state court. *Id.* On January 9, 2007, the Sixth Circuit issued its mandate affirming this Court's re-sentencing decision and concluding that the Defendant's 1981 robbery conviction qualifies as a violent felony under the ACCA. [Doc. 101, 102.]

On August 27, 2007, Defendant Sanders filed this instant motion asking that the Court appoint counsel to help him conduct discovery for an anticipated 28 U.S.C. § 2255 habeas petition. [Doc. 103.] Defendant alleges that he is entitled to discovery and the assistance of counsel pursuant to Rule 6 of the Rules Governing 28 U.S.C. § 2255 Proceedings for the United States District Courts and 18 U.S.C. § 3006A. *Id.* This Court, however, disagrees.

II. Legal Analysis

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993); *Lassiter v. Department of Social Serv.*, 452 U.S. 18, 25 (1981) (finding that a constitutional right to counsel extends only to cases in which the defendant may be deprived of physical liberty). The appointment of counsel for civil litigation, including habeas proceedings, is inappropriate when the plaintiff's claims have only a slim chance of success. *See Lavado,* 992 F.2d at 606. Nonetheless, the Defendant says that the Court should appoint counsel for him because he is presently incarcerated and without the assistance of an attorney. [Doc. 103.] Additionally, Defendant Sanders suggests that he lacks the legal understanding to conduct discovery and prepare a § 2255 habeas

Case No. 4:03-cr-154
Gwin, J.

petition.  *Id.*

The Court finds no exceptional circumstances warranting the appointment of counsel.  First, the Defendant's well constructed motion requesting counsel belies his assertion that his incarceration precludes him from filing a habeas petition.  Second, the legal issues presented in this case are not particularly complex and mirror the factual issues addressed in the criminal case that resulted in the Defendant's incarceration.  Third, many of the legal issues identified by the Defendant in his instant motion are barred by the statute of limitations for 28 U.S.C. § 2255 proceedings.

Defendant Sanders correctly notes that Rule 6 of the Rules Governing Section 2255 Proceedings requires a judge to appoint an attorney for the petitioner in a habeas proceeding if the appointment of counsel is "necessary for effective discovery" and if the petitioner otherwise qualifies under 18 U.S.C. § 3006A.  In this case, however, the Court finds that appointment of counsel is not necessary for effective discovery because the majority of Defendant's proposed 28 U.S.C. § 2255 claims and discovery requests would be barred by the applicable statute of limitations and are ineligible for equitable tolling.

Pursuant to 28 U.S.C. § 2255, a petitioner may petition for habeas relief within one year of the date on which the judgment becomes final.  As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review.  *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002).

> When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.

Case No. 4:03-cr-154
Gwin, J.

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).

In *Linscott v. Rose*, the Sixth Circuit explained that the "one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final." *Linscott v. Rose,* 436 F.3d 587, 591 (6th Cir. 2006). The *Linscott* decision, however, "expressly restricts itself to petitions that challenge the resentencing decision itself." *Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). The Sixth Circuit recently explained that courts must "determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim." *Id.* at 984. Thus, courts must conduct a claim-by-claim inquiry into a 28 U.S.C. § 2255 petition to determine when the statute of limitations ran for each individual issue raised by the petitioner.

In the instant case, the Defendant appealed his original conviction to the Sixth Circuit, which affirmed this Court's judgment and remanded the case for re-sentencing on May 12, 2005. [Doc. 71.] The Court's judgment regarding Defendant's conviction thus became final for § 2255 purposes on August 10, 2005, the conclusion of the ninety-day period in which Defendant could have filed a Writ of Certiorari with the United States Supreme Court. Pursuant to 28 U.S.C. § 2255, Defendant was thus permitted to file a motion to vacate the court's judgment until August 10, 2006. By examining the individual issues presented as possible habeas claims in the instant motion, this Court finds that Defendant's claims regarding ineffective assistance of counsel and the perjury that allegedly occurred at his trial would be barred by the § 2255 one-year statute of limitations. Defendant is thus not entitled to the assistance of counsel in conducting such discovery.

Case No. 4:03-cr-154
Gwin, J.

Indeed, Defendant's only claims that are still eligible for consideration under § 2255 are those directly challenging this Court's second re-sentencing decision on September 22, 2005. [Doc. 90.] The Sixth Circuit issued its mandate affirming that re-sentencing decision on January 9, 2007. [Doc. 102.] The judgment became final for § 2255 purposes ninety days later on April 9, 2007. Thus, the statute of limitations for a § 2255 petition specifically challenging the Court's second re-sentencing judgment does not expire until April 9, 2008. Accordingly, Defendant Sanders will be limited to challenging only the Court's September 2005 re-sentencing judgment in his habeas petition. The Court is unpersuaded that appointment of counsel is necessary to assist with this preparation.

### III. Conclusion

For the reasons stated above, the Court **DENIES** the Defendant's motion seeking the appointment of counsel.

IT IS SO ORDERED.

Dated: September 28, 2007	s/	*James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE