UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
WILLIAM SANDERS,                                    :
                                                    :     CASE NO. 4:03-CR-154
        Petitioner,                              :
                                                    :
vs.                                                 :     OPINION & ORDER
                                                    :     [Resolving Doc. No. 128]
UNITED STATES OF AMERICA,                           :
                                                    :
        Respondent.                              :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 3, 2011, Petitioner William Sanders filed a motion to vacate, set aside, or correct his conviction and sentence. *See* 28 U.S.C. § 2255; [Doc. 128.] This is the third such motion Sanders has filed. *See* [Docs. 111, 121.]

In his current motion, Sanders asserts that certain witnesses conspired with prosecutors to commit perjury at his trial and sentencing, that the Court and prosecutors profited financially from his conviction and sentence, that the government misrepresented his criminal history to the jury at trial and the Court at sentencing, and that prosecutors both withheld exculpatory evidence and offered fraudulent evidence.[1]

Because, however, this "numerically [third] petition . . . raises [] claim[s] that could have been raised in the first petition but w[ere] not so raised, either due to deliberate abandonment or

---

[1] Sanders raised some of these claims in a prior § 2255 motion. This Court rejected them. [Doc. 119.]

-1-

Case No. 4:03-CR-154
Gwin, J.

inexcusable neglect," it is a "second or successive motion" within the meaning of 28 U.S.C. § 2255(h). *See In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). Accordingly, Sanders may not file his motion without a certification from the Sixth Circuit Court of Appeals, *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."), which he does not have.

The proper course, then, is to transfer Sanders's motion to the Sixth Circuit Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when . . . a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").

Accordingly, the Court **TRANSFERS** Sanders's motion to the Sixth Circuit Court of Appeals.

IT IS SO ORDERED.


Dated: October 14, 2011          s/ *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE