UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA, : CASE NO. 4:03-CR-00154-JG
:
    *Plaintiff/Respondent*, :
:
vs. : ORDER & OPINION
: [Resolving Docs. 131, 132]
WILLIAM SANDERS, :
:
    *Defendant/Petitioner*. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner William Sanders moves the Court to: (1) reduce his sentence under 18 U.S.C. § 3582(c)(2)[1] and (2) appoint him counsel[2]. The Court **DENIES** these motions.

First, Sanders has failed to show that the Court sentenced him based on a sentencing range that the Sentencing Commission later lowered. Under § 3582(c)(2), the Court has some authority to reduce a previously imposed sentence when: (1) that sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[3]

Here, Sanders does not show that the Sentencing Commission lowered his sentencing range. Instead, he says that the Court should reduce his sentence because the Court "illegally enhanced his federal mandatory minimum sentence based on 'facts' not charged in the indictment, nor found beyond a reasonable doubt by a jury."[4] In support of his argument, he cites to the Supreme Court's

---

[1] Doc. 132.
[2] Doc. 131.
[3] 18 U.S.C. § 3582(c)(2).
[4] Doc. 132 at 7.

-1-

Case No. 4:03-CR-00154-JG
Gwin, J.

recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[5] But nowhere in Sanders's motion does he make the threshold showing that the Sentencing Commission lowered his guidelines' range. Thus, the Court lacks the authority to reduce Sanders's sentence under § 3582(c)(2).

Even if the Court considered the merits of Sanders's *Alleyne* claim, his argument still fails. In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."[6] Here, the Court found that Sanders was subject to the Armed Career Criminal Act ("ACCA")[7] because he had committed three violent felonies. The Sixth Circuit upheld that determination.[8] Now, Sanders says that under *Alleyne*, the Court should have submitted to the jury the issue of whether his prior convictions constituted predicate offenses under the ACCA.[9] But *Alleyne* did not disturb *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which authorizes a district court to apply an enhanced sentence based upon its finding of applicable prior convictions.[10] Thus, Sanders's *Alleyne* argument fails.

Because Sanders's *Alleyne* argument fails, and because Sanders has no constitutional right

---

[5] Doc. 132 at 7.
[6] *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013).
[7] 18 U.S.C. § 924(e).
[8] Doc. 101.
[9] Doc. 132 at 7.
[10] "In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." *Alleyne*, 133 S. Ct. at 2173 n.1.

Case No. 4:03-CR-00154-JG
Gwin, J.

to counsel in a § 2255 proceeding,[11] the Court also denies Sanders's motion to appoint him counsel.

    IT IS SO ORDERED.


Dated: August 6, 2013            s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[11] *See Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989).