UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA, : CASE NO. 4:03-CR-154
:
       Plaintiff-Respondent, :
: OPINION & ORDER
       v. : [Resolving Doc. No. 135, 136, & 137]
:
WILLIAM R. SANDERS, :
:
       Defendant-Petitioner. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 2, 2009, this Court denied *pro se* Petitioner William R. Sanders's 28 U.S.C. § 2255 petition.[1] Petitioner now has filed a Federal Rule of Civil Procedure 60(b) motion for reconsideration and requests the Court appoint counsel to prepare another § 2255 petition.[2] Petitioner also filed a motion to amend.[3] Respondent opposes the motions.[4] Because this Court construes Sanders's Rule 60(b) motion as a successive habeas petition, the Court **DENIES** Sanders's motions and **TRANSFERS** his Rule 60(b) motion to the Sixth Circuit.

**I. Background**

This Court's previous orders explain the procedural background of this case in greater detail.[5] On November 25, 2003, a jury convicted Petitioner Sanders of being a felon in possession

---

[1] Docs. 119.
[2] Doc. 135.
[3] Doc. 136.
[4] Doc. 137.
[5] *See* Docs. 119; 129; 134.

Case No. 4:03-CR-154
Gwin, J.

of a firearm, in violation of 18 U.S.C. § 922(g)(1).[6] After Sanders's sentencing, a timely appeal, and a Sixth Circuit remand for re-sentencing, the Court found Petitioner Sanders subject to the Armed Career Criminal Act and sentenced him to the mandatory minimum 180 months incarceration.[7] Petitioner Sanders subsequently filed a habeas petition under § 2255.[8] After the Court's denial of this petition,[9] Sanders filed various appeals and motions for relief.[10]

Most recently, Petitioner Sanders filed an August 19, 2013 Rule 60(b) motion. Sanders requests the Court take judicial notice of the Supreme Court decisions in *Alleyne v. United States*[11] and *Descamps v. United States*.[12] He also asks the Court to appoint him counsel to assist in preparing a 28 U.S.C. 2255(f)(3) motion. Specifically, Sanders says he is entitled to relief (1) because the federal jury never considered the convictions the Court used to classify him as an Armed Career Criminal and (2) because the Court relied on *Almendarez-Torres v. United States*[13] when sentencing him.[14]

Petitioner also filed a August 20, 2013 motion to amend. In that motion, Petitioner says he wants to bring his motion under Rule 60(b)(2) and Federal Rules of Evidence 201(d) rather than under 18 U.S.C. § 3582(c)(2).[15] He also says he wants to add an argument contesting the Court's

---

[6] Doc. 51.
[7] *See* Doc. 60; *United States v. Sanders*, 404 F.3d 980 (6th Cir. 2005).
[8] Doc. 111.
[9] Doc. 119.
[10] *See* Docs. 120; 121; 124; 128; 131; 132.
[11] 133 S. Ct. 2151 (2013).
[12] 133 S. Ct. 2276 (2013).
[13] 523 U.S. 224 (1998).
[14] Doc. 135 at 17-21, 22-29.
[15] Doc. 136 at 2.

Case No. 4:03-CR-154
Gwin, J.

use of *Almendarez-Torres* and its application of the Armed Career Criminal Act.[16] Sanders says he is able to make these amendments "as a matter of course" and is doing so to correct what he sees as a procedural deficiency that caused the Court to deny an earlier motion.[17]

## II. Law and Analysis

The Court now has Petitioner's Motion to Amend and Rule 60(b) motion before it. As a preliminary matter, the Court finds that Petitioner's motion to amend is simply a request to file the Rule 60(b) motion he has already filed.[18] In light of these circumstances, the Court finds this motion is moot, and the Court thus concerns itself only with Petitioner's Rule 60(b) motion for reconsideration.

"A Rule 60(b) motion is a second or successive habeas petition when it 'seeks vindication of' or 'advances' one or more 'claims.'"[19] This means that "[w]hen a 60(b) motion attacks the merits of a conviction or sentence, or if it attacks the federal court's previous resolution of a claim on the merits, it should be construed as a habeas petition."[20]

Though Petitioner Sanders frames his request as a Rule 60(b) motion, Sanders seeks a

---

[16] *Id.*

[17] *Id.* (referencing the Court's order on documents 131 and 132, Petitioner's motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582(c)(2) and motion to appoint counsel).

[18] Sanders seems to incorrectly believe that his prior motion had been summarily denied because he had brought it under 18 U.S.C. § 3582(c)(2) rather than under Rule 60(b) and that filing a motion to amend could cure any deficiencies. *See* Doc. 136-1 (letter to the Court). This Court, however, considered the merits of Sanders's *Alleyne* claim in ruling on Sanders's prior motion for relief. *See* Doc. 134 at 2-3.

[19] Post v. Bradshaw, 422 F.3d, 419 424 (6th Cir. 2005) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 532(2005)).

[20] United States v. Carter, 500 F.3d 486, 489 (6th Cir. 2007) (internal quotation marks omitted) (emphasis omitted). *But see* Gonzalez, 545 U.S. at 532 & n.4 (noting a Rule 60(b) motion is not a successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" or if it "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"); Adams v. Thaler, 679 F.3d 312, 319 (5th Cir. 2012); Cook v. Ryan, 688 F.3d 598, 608 (9th Cir. 2012).

Case No. 4:03-CR-154
Gwin, J.

merits-based review of the prior dismissal of his habeas petition. Of which order Petitioner Sanders seeks reconsideration is not completely clear, but recall that his motion asks for counsel to assist in preparing a 28 U.S.C. § 2255 (f)(3) motion.[21] This suggests that his motion for reconsideration either is essentially a request to reconsider the denial of his habeas petition or a request to file a new habeas petition. Also recall that his motion attacks the sentence for the conviction that was the subject of his initial § 2255 motion.

Petitioner Sanders thus advances a merits-based attack on this Court's prior dismissal of his habeas petition. This makes his motion a successive habeas petition.[22] But, Petitioner cannot mask a successive § 2255 petition as a Rule 60(b) motion.

Nor is Petitioner allowed to seek permission from this Court to file a second or successive § 2255 motion. "Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application."[23]

Here, Petitioner Sanders says he is entitled to file a new petition because of "'New Right[]s' that have been set forth in the 'Two' Supreme Court decisions of *Descamps v. United States*, and *Alleyne v. United States*."[24] Even if these cases created new rights applicable to Petitioner–a

---

[21] Recall that the Court has previously denied Petitioner's July 31, 2013 motion for the appointment of counsel. *See* Docs. 131; 134 at 2-3. Petitioner Sanders still has no constitutional right to counsel in a § 2255 proceeding. *See Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). The Court affirms its original holding on this issue.

[22] *Post,* 422 F.3d at 424 ("It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings . . . all that matters is that [the petitioner] is 'seek[ing] vindication of' or 'advanc[ing]' a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition." (citations omitted) (alteration in the original)).

[23] 28 U.S.C. § 2244(b)(3)(A) (emphasis added). *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004); *see also Keith v. Bobby*, 551 F.3d 555, 557 (6th Cir.2006).

[24] Doc. 135 at 2.

-4-

Case No. 4:03-CR-154
Gwin, J.

proposition not likely true[25/] – Petitioner cannot escape the § 2255 requirement that Sanders first receive approval from the Sixth Circuit.[26/] Accordingly, Sanders may not file his motions without certification from the Sixth Circuit. The proper course, then, is to transfer Sanders's motions to the Sixth Circuit.[27/]

### III. Conclusion

For the reasons above, the Court finds Petitioner Sanders's Rule 60(b) motion is effectively a successive petition for federal habeas corpus relief and his motion to amend is now moot. Accordingly, the Court **DENIES** Sanders's motions and **TRANSFERS** his Rule 60(b) motion to the Sixth Circuit.

IT IS SO ORDERED.

Dated: October 18, 2013                   s/ *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[25/] *See* Doc. 134 at 1-3 (finding *Alleyne* inapplicable to Petitioner's case and noting that *Alleyne* "did not disturb *Almendarez-Torres v. United States*"); *see also Descamps v. United States*, 133 S. Ct. 2276 (2013) (not having been made retroactive to cases on collateral attack).

[26/] *See* 28 U.S.C. § 2255 (h)(2).

[27/] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when ... a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); *see also* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").